**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1765
_____

LAVAR ARMSTRONG,
Appellant

v.

CAPTAIN JOHN GRETSKY; OFFICER WILLIAM MURPHY;
OFFICER JOHN BENOZICH; OFFICER TIMOTHY GARRON;
OFFICER MARC BARAG; OFFICER BRADLEY WALTMAN;
TFO SCANLON; TFO MONTGOMERY; HONNICKER, CID DETECTIVE
_____

On Appeal from the United States District Court for the
Eastern District of Pennsylvania

(District Court No. 2-20-cv-00160)

District Judge: Honorable Joel H. Slomsky

_____

Submitted under Third Circuit LAR 34.1(a)
February 9, 2024

(Filed: March 11, 2024)

Before: HARDIMAN, SCIRICA, RENDELL, *Circuit Judges*
_____

**OPINION**[1]
_____

---

[1] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RENDELL**, *Circuit Judge*.

Plaintiff-Appellant Lavar Armstrong appeals the District Court's order granting summary judgment against him on the basis that his claims were barred by the statute of limitations and did not relate back to the date of his original complaint. For the reasons that follow, we will affirm.

I.

On January 19, 2018, Armstrong was visiting a friend's apartment in Chester, Pennsylvania and using an upstairs restroom when he heard police officers enter the apartment. He alleges that the officers entered the bathroom, struck him in the head and shoved him into the bathtub with a metal SWAT shield, tased him, handcuffed him, dragged him downstairs, and kicked him in the head and back while he began to lose consciousness. Armstrong asked the officers to take him to the hospital, but they refused. He sustained serious head and neck injuries and was later diagnosed with Post-Traumatic Stress Disorder.

On January 9, 2020, Armstrong timely filed his original complaint against the City of Chester and Unknown Officers in the Eastern District of Pennsylvania. He alleged, among other things, Fourth Amendment violations under Section 1983 and assault and battery and intentional infliction of emotional distress under Pennsylvania law. The City of Chester was later dismissed from the case, leaving only the Unknown Officers remaining as defendants.

On May 15, 2020, the District Court ordered Armstrong to file and arrange for service of an amended complaint by June 15, 2020, that named the Unknown Officers.

2

Armstrong filed an amended complaint naming the Unknown Officers on June 12, 2020. While Armstrong named all involved officers in his amended complaint, he later moved to dismiss all but four defendants. The remaining defendants include Officer John Benozich, who was employed by the City of Chester's Police Department, and three other officers, Task Force Officer Gerard Scanlan, an employee of the Ridley Township Police Department; Task Force Officer John Montgomery, an employee of the Upper Chichester Police Department; and Criminal Investigation Division Detective Mike Honicker, an employee of Delaware County ("County Defendants").

Armstrong did not issue a summons for any of the remaining defendants until September 9, 2020, and did not effect service at that time. While the exact date of service is not specified in the record, Officer Benozich first became aware of the suit and that he was a defendant on September 15, 2020. Armstrong did not serve the complaint and summons on the County Defendants until March 19, 2021, nearly four months after the District Court ordered Armstrong show cause as to why he had failed to serve them.

The County Defendants and Officer Benozich filed separate motions for summary judgment. Both motions raised, among other things, violation of the two-year statute of limitations. The District Court ruled in favor of the defendants on the basis that Armstrong's claims were barred by the statute of limitations and did not relate back to the date of his original complaint because defendants lacked notice of the original suit.

Armstrong timely appealed.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, 1343, and 1367. We have jurisdiction under 28 U.S.C. § 1291. We review a district court's grant of summary judgment *de novo*, applying the same standard as the district court. *Kelly v. Borough of Carlisle*, 622 F.3d 248, 253 (3d Cir. 2010).

A grant of summary judgment is appropriate only where the moving party has established that there is no genuine dispute of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In considering an order entered on motion for summary judgment, "we view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pennsylvania Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

## III.

Armstrong first urges that he satisfied Rule 15(c) because defendants had imputed notice of the suit. We disagree.

The District Court thoroughly and correctly explained Rule 15(c) and our case law regarding the shared attorney and identity of interest methods of imputed notice and we do not repeat that analysis here. *Armstrong v. Gretsky*, No. 20-160, 2023 WL 2903977, at *10-12. We agree with the District Court that under our precedent in *Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 196 (3d Cir. 2001), and *Garvin v. City of Phila.*, 354 F.3d 215, 227 (3d Cir. 2003), Armstrong has "failed to establish the relation back elements of Rule 15(c)(1)(C)(i)-(ii)" for both the County Defendants and Officer

4

Benozich. *Armstrong v. Gretsky*, 2023 WL 2903977, at \*11; *see id.* at \*12. All defendants received actual notice beyond the 90-day requirement of Rule 4(m), and the record does not support Armstrong's arguments that the defendants had constructive notice either because they shared an attorney or had a sufficient nexus of interests with the City of Chester. *Id.*

Armstrong then insists that even if his amended complaint does not relate back, he is entitled to equitable tolling. Given Armstrong did not explicitly raise the issue at the District Court, we consider the argument forfeited.[2]

Finally, Armstrong insists that we consider his claims timely because the pandemic made service essentially impossible. He implies that appellees organized an "intentional breakdown" in communication "to take advantage of the Covid-19 pandemic" and cause his failure to serve to shut out his otherwise meritorious claim. Br. of Appellant 15. Because there is no support in the record for this claim, we reject it too.

IV.

For these reasons, we will affirm the District Court's order.

---

[2] However, the argument would fail on the merits, too. Equitable tolling is appropriate only in limited circumstances, such as "where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action." *Oshiver v. Levin, Fishbein, Sedran, & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994). Armstrong presents no evidence that the City of Chester took "affirmative steps to mislead" him regarding either the identity of the officers or who was representing them. *Id.* at 1391, n.10.